FILED
AUG 1 8 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2107-FL

| | | |
|---|---|---|
| AUGUSTINE AMUAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JANET NAPOLITANO, Secretary of | ) | |
| Homeland Security; DISTRICT | ) | |
| DIRECTOR, U.S. Immigration and | ) | |
| Customs Enforcement; and | ) | |
| JONATHAN MINER, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on the motion of the named respondents and the United States of America (collectively "respondents") to dismiss this action (DE # 8). Although he was informed of the need to respond to that motion, petitioner failed to do so. In this posture, the issues raised in responents' motion are ripe for adjudication. For the following reasons, the court grants the motion.

## STATEMENT OF THE CASE

Petitioner is a citizen of Ghana. He was convicted of attempt and conspiracy to commit mail fraud and fraud with identification documents, in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1028(a)(1), in the United States District Court for the Northern District of Georgia. Petitioner subsequently was sentenced to a term of fifty-five (55) months imprisonment, and has a projected release date of January 12, 2012.

On May 28, 2010, petitioner filed this "petition for a writ of mandamus" pursuant to 28 U.S.C. § 1651 and the Administrative Procedures Act, 5 U.S.C. § 701, et seq. Petitioner contends that, as an aggravated felon, the government is required to expedite his deportation hearing, and to hold his hearing prior to the completion of his sentence. Petitioner further seeks to stipulate to his removal and waive his right to a hearing and appeal. Respondent timely filed a motion to dismiss, to which petitioner failed to respond.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Respondents assert that 8 U.S.C. § 1228 prohibits petitioner from compelling expedited removal proceedings. Section 1228(a) provides the Attorney General with discretion to place *some*

2

On May 28, 2010, petitioner filed this "petition for a writ of mandamus" pursuant to 28 U.S.C. § 1651 and the Administrative Procedures Act, 5 U.S.C. § 701, et seq. Petitioner contends that, as an aggravated felon, the government is required to expedite his deportation hearing, and to hold his hearing prior to the completion of his sentence. Petitioner further seeks to stipulate to his removal and waive his right to a hearing and appeal. Respondent timely filed a motion to dismiss, to which petitioner failed to respond.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Respondents assert that 8 U.S.C. § 1228 prohibits petitioner from compelling expedited removal proceedings. Section 1228(a) provides the Attorney General with discretion to place *some*

aggravated felons in expedited removal proceedings. But as respondents note, this statute does not give an inmate the right to compel expedited removal proceedings; instead it specifically provides that "[n]othing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." See 8 U.S.C. § 1228 (2006). Accordingly, the terms of § 1228 preclude petitioner from compelling the Attorney General to initiate removal proceedings by any means, including a writ of mandamus or through the Administrative Procedures Act.* Based upon the foregoing, respondent's motion to dismiss is GRANTED.

## CONCLUSION

For the reasons set forth above, respondents' motion to dismiss (DE # 8) is GRANTED and petitioner's application for writ of mandamus (DE # 1) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 8 day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

* With further regard to stipulation of removal, section 1228(c)(5) allows the United States Attorney with the concurrence of the Commissioner to enter into a plea agreement which allows an alien "to waive the right of notice and a hearing under this section, and stipulate to the entry of a judicial order of removal from the United States as a condition of the plea agreement or as a condition of probation or supervised release, or both." However, petitioner does not allege that he stipulated to waive removal proceedings in his plea agreement.

3